IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS CASTANEDA, *individually and on behalf of all those similarly situated*, 1718 Monroeville Road, No. 5 Monroeville, New Jersey 08343<br><br>Plaintiff,<br>v.<br><br>LYFT, INC., 185 Berry Street, #5000 San Francisco, CA 94107<br><br>Defendant. | No.:<br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Plaintiff Carlos Castaneda (hereinafter referred to as "Named Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Lyft, Inc. (hereinafter referred to as "Defendant").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated all owed minimum wages and overtime wages in violation of the FLSA and NJWHL and unlawfully diverted their wages to pay for Defendant's business costs in violation of the NJWPL. As a result of Defendant's actions, Named Plaintiff and those similarly situated have suffered damages.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual who resides in and worked for Defendant in New Jersey.

8. Defendant is a corporation headquartered in California and doing business in New Jersey at the address provided in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## COLLECTIVE ACTION ALLEGATIONS
### (Fair Labor Standards Act)

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29

U.S.C. § 216(b), on behalf of all individuals employed by Defendant as rideshare drivers and subject to Defendant's pay practices and policies described herein at any point from the three (3) years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was a non-exempt employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage and Hour Law)

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendant's violations of the NJWHL on behalf of himself and those similarly situated.

17. Specifically, Named Plaintiff seeks to represent a class of all individuals (hereinafter referred to as "Class Plaintiffs") who worked or work at Defendant as drivers and who were subject to the policies of Defendant, as discussed infra, in New Jersey within the last six (6) years.

18. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is at least several hundred.

19. Named Plaintiff's claims are typical of the claims of Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was subject to the same wage policies and practices of Defendant.

20. Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible

standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Named Plaintiff and Class Plaintiffs were employees of Defendant under the NJWHL, 2) whether Defendant's wage policies and practices resulted in Named Plaintiff and Class Plaintiffs earning less than the minimum wage under the NJWHL for all hours worked, and 3) whether Defendant failed to pay overtime wages to Named Plaintiff and Class Plaintiffs.

### CLASS ACTION ALLEGATIONS
### (New Jersey Wage Payment Law)

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendant's violations of the NJWPL on behalf of himself and those similarly situated.

26. Specifically, Named Plaintiff seeks to represent a class of all individuals (hereinafter also referred to as "Class Plaintiffs") who worked or work at Defendant as drivers and who were subject to the policies of Defendant, as discussed infra, in New Jersey within the last six (6) years.

27. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is at least several hundred.

28. Named Plaintiff's claims are typical of the claims of Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was subject to the same wage policies and practices of Defendant.

29. Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

32. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Named Plaintiff and Class Plaintiffs were employees under the NJWPL, and 2) whether Defendant unlawfully diverted

wages from Named Plaintiff and Class Plaintiffs by requiring them to pay for Defendant's business costs.

## FACTUAL BACKGROUND

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. Defendant is in the business of providing car service to the public.

35. Defendant provides car service to the public throughout New Jersey and the United States via an on-demand dispatch system, which offers customers the ability to hail a car service driver via a mobile phone application.

36. From on or around in December 2015 or January 2016 through the present, Named Plaintiff has worked for Defendant as a rideshare driver.

37. Collective and Class Plaintiffs worked/work for Defendant as rideshare drivers.

### Defendant's Failure to Pay the Minimum Wage and Overtime Wages

38. The foregoing paragraphs are incorporated herein as if set forth in full.

39. During Named Plaintiff's employment with Defendant, Defendant failed to reimburse Named Plaintiff for expenses he necessarily incurred to perform work for Defendant, including but not limited to vehicle wear-and-tear and fuel.

40. Defendant's failure to reimburse Named Plaintiff for employment-related expenses resulted in Defendant failing to pay Named Plaintiff the minimum wage under the FLSA and NJWHL for each hour worked by Named Plaintiff during each workweek.

41. During Named Plaintiff's employment with Defendant, Named Plaintiff worked more than 40 hours during several workweeks.

42. However, Defendant did not pay Named Plaintiff any additional compensation for hours worked more than 40 hours in a workweek.

43. Accordingly, Defendant failed to pay Named Plaintiff an overtime premium rate of least one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

44. During Collective and Class Plaintiffs' employment with Defendant, Defendant failed/fails to reimburse Collective and Class Plaintiffs for expenses they necessarily incurred/incur to perform work for Defendant, including but not limited to vehicle wear-and-tear and fuel.

45. Defendant's failure to reimburse Collective Plaintiffs for employment-related expenses resulted/results in Defendant failing to pay Class Plaintiff the minimum wage under the FLSA for each hour worked by Collective Plaintiffs during each workweek.

46. Defendant's failure to reimburse Class Plaintiffs for employment-related expenses resulted/results in Defendant failing to pay Class Plaintiff the minimum wage under the NJWHL for each hour worked by Class Plaintiffs during each workweek.

47. Collective and Class Plaintiffs have worked workweeks in which their hours worked for Defendant exceeded 40 hours.

48. However, Defendant did not pay Collective and Class Plaintiffs any additional compensation for hours worked more than 40 hours in a workweek.

49. Accordingly, Defendant failed/fails to pay Class Plaintiffs an overtime premium rate of at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek.

**Defendant's Failure to Pay the Minimum Wage and Overtime Wages**

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Defendant's requirement that Named Plaintiff and Class Plaintiffs' bear Defendant's costs of doing business, including but not limited to incurring the cost of wear-and-tear on their vehicles and paying for fuel. without reimbursement diverted their wages in violation of the NJWPL.

52. As a result of Defendant's aforesaid conduct, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs have suffered damages.

### COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Minimum Wages)
(Named Plaintiff and Collective Plaintiffs v. Defendant)

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

55. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

56. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

57. Under the FLSA, an employer must pay an employee at least the minimum wage for each hour worked

58. Defendant's failure to pay Named Plaintiff and Collective Plaintiffs at least the minimum wage violated the FLSA.

59. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

60. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)
(Named Plaintiff and Collective Plaintiffs v. Defendant)

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

63. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs earned overtime wages for hours worked more than 40 hours in a workweek.

64. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

65. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
(Failure to Pay the Minimum Wage)
(Named Plaintiff and Class Plaintiffs v. Defendant)

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NJWHL.

68. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the NJWHL.

69. Defendant violated the NJWHL by failing to pay Named Plaintiff and Class Plaintiffs the minimum wage for each hour worked in each workweek free and clear based on the requirement that Named Plaintiff and Class Plaintiffs incur employment-related expenses without reimbursement.

70. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

71. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT IV
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Failure to pay Overtime Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours in a workweek.

74. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked more than 40 hours in a workweek violated the NJWHL.

75. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

76. Defendant's conduct caused Named Plaintiff and UberX Class Plaintiffs to suffer damages.

**COUNT V**
**Violations of the New Jersey Wage and Hour Law ("NJWPL")**
(Failure to pay Overtime Wages)
(Named Plaintiff and Class Plaintiffs v. Defendant)

77. The foregoing paragraphs are incorporated herein as if set forth in full.

78. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the NJWPL.

79. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

80. At all times relevant herein, Named Plaintiff and Class Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWPL.

81. The NJWPL requires employers to pay employees all wages owed, and permits employers to divert or withhold wages for limited reasons.

82. Defendant's diversion of Named Plaintiff's and Class Plaintiffs' wages was not permitted under the NJWPL.

83. Accordingly, Defendant failed to pay Named Plaintiff and Class Plaintiff all wages earned.

84. Defendant's conduct in failing to pay Named Plaintiff and WPL Plaintiffs properly under the NJWPL was and is willful and was not based upon any reasonable interpretation of the law.

85. As a result of Defendant's unlawful conduct, Named Plaintiff and WPL Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

A.   Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B.   Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions;

C.   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

D.   Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to 100% of their unpaid wages.

E.   Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the NJWHL in an amount equal to 200% of their unpaid wages;

F.   Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the NJWPL in an amount equal to 200% of their diverted wages;

G.   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

H.   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are permitted to have a trial by jury.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Suite 402

                   Cherry Hill, NJ 08034
                   Phone: (856) 685-7420
                   Fax: (856) 685-7417

Dated: December 16, 2021